IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Veronica G.,**[1] | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | No. 24 C 12479 |
| v. | ) | |
| | ) | Magistrate Judge Laura K. McNally |
| **Frank Bisignano,** | ) | |
| **Commissioner of Social Security,**[2] | ) | |
| | ) | |
|     **Defendant.** | ) | |

**ORDER**[3]

Before the Court are Plaintiff Veronica G.'s motion for summary judgment (Dkt. 16: Pl. Mot. for Summ. J., "Pl. Mot.") and Defendant's brief in support of his motion for summary judgment (Dkt. 19: Def. Mot. for Summ. J., "Def. Mot.").

### I. Procedural History

Plaintiff applied for disability insurance benefits on September 20, 2021, alleging disability from July 21, 2021. (R. 237.) Plaintiff's date last insured is June 30, 2027. (R.

---

[1] The Court in this order is referring to Plaintiff by her first name and first initial of her last name in compliance with Internal Operating Procedure No. 22 of this Court.

[2] The Court substitutes Frank Bisignano for his predecessor(s) as the proper defendant in this action pursuant to Federal Rule of Civil Procedure 25(d) (a public officer's successor is automatically substituted as a party).

[3] On December 10, 2024, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was reassigned to the magistrate judge for all proceedings, including entry of final judgment. (Dkt. 9.)

18.) Plaintiff's claims were initially denied on March 15, 2022 and upon reconsideration on July 29, 2022. (*Id.*) The ALJ held a telephone hearing on April 6, 2023. (*Id.*)

On August 30, 2023, the ALJ issued a decision finding Plaintiff disabled for the closed period of July 21, 2021 to August 15, 2022 and no longer disabled starting August 16, 2022. (R. 37.) Plaintiff subsequently appealed.[4] After considering the parties' briefs and evidence, the Court grants Plaintiff's request for remand and denies Defendant's motion.

## II.  ALJ Decision

The ALJ applied the Social Security Administration's ("SSA") five-step sequential evaluation process to Plaintiff's claims. At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 21, 2021. (R. 22.) At Step Two, the ALJ determined that Plaintiff had the severe impairments of a history of vascular insult to brain and of depression. (*Id.*) The ALJ also found that Plaintiff had a number of medically determinable but nonsevere impairments. (*Id.*)

The ALJ determined that Plaintiff was disabled for a closed period from July 21, 2021 through August 15, 2022, and not disabled from August 16, 2022 until the date of the decision. For both timeframes, the ALJ found that none of Plaintiff's impairments met or equaled a Listing at Step Three. (R. 22, 27.) As a component of this analysis,

---

[4] The Appeals Council subsequently denied review of the opinion (R. 1), making the ALJ's decision the final decision of the Commissioner. *Bertaud v. O'Malley*, 88 F.4th 1242, 1244 (7th Cir. 2023).

2

because Plaintiff had a medically determinable mental impairment, the ALJ undertook an analysis of the Paragraph B factors set out in the disability regulations for evaluating mental disorders and in section 12.00C of the Listing of Impairments (20 CFR, Part 404, Subpart P, Appendix 1). In this evaluation, the ALJ found for both time periods that Plaintiff had a moderate limitation in concentrating, persisting, or maintaining pace and mild limitations in each of the remaining functional areas. (R. 23, 28-29.)

Before Step Four, the ALJ determined that Plaintiff has the residual functional capacity to perform light work. The ALJ found that for the period of July 21, 2021 to August 15, 2022, Plaintiff was further limited to

> Standing/walking for four hours; being able to understand, remember, and carry out instructions for simple, routine, and repetitive work; occasional handling and fingering with the non-dominant left upper extremity; and never performing assembly line work or work with hourly production quotas.

(R. 23.) In addition to the capacity to perform light work, the ALJ found that as of August 16, 2022 Plaintiff was limited only to

> Frequent handling and fingering with the non-dominant left upper extremity; and never performing assembly line work or work with hourly production quotas.

(R. 29.)

At Step Four, the ALJ found that between July 21, 2021 and August 15, 2022 Plaintiff was unable to perform her past relevant work. (R. 25.) She ultimately found that there were no jobs that existed in significant numbers in the national economy that Plaintiff could perform either, deeming her disabled. (*Id.*) Starting August 16, 2022,

however, the ALJ found at Step Four that Plaintiff became capable of performing her past relevant work as a receptionist. (R. 35.) As a result, the ALJ found that Plaintiff's disability ended August 16, 2022 and deemed her not disabled after that. (R. 36.)

### III. Legal Standard

Under the Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a).

The Court does not "merely rubber stamp the ALJ's decision on judicial review." *Prill v. Kijakazi*, 23 F.4th 738, 746 (7th Cir. 2022) An ALJ's decision will be affirmed if it is supported by "substantial evidence," which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id*. ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). "All we require is that ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow us,

4

as a reviewing court, to assess the validity of the agency's ultimate findings and afford the appellant meaningful judicial review." *Id*. at 1054.

The Seventh Circuit added that "[a]t times, we have put this in the shorthand terms of saying an ALJ needs to provide a 'logical bridge from the evidence to his conclusion.'" *Id*. (citation omitted). The Seventh Circuit further has clarified that district courts, on review of ALJ decisions in Social Security appeals, are subject to a similar minimal articulation requirement: "A district (or magistrate) judge need only supply the parties . . . with enough information to follow the material reasoning underpinning a decision." *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024). The district court's review of the ALJ's opinion "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute its judgment for the ALJ's determination." *Chavez v. O'Malley*, 96 F.4th 1016, 1021 (7th Cir. 2024) (internal quotations omitted).

**IV.     Analysis**

Plaintiff makes several arguments in favor of remand. While this Court does not address every argument, the Court finds it sufficient to agree with Plaintiff that the ALJ erred in her analysis of Plaintiff's mental residual function capacity for the period after August 16, 2022.

On July 21, 2021, Plaintiff suffered a vascular insult to her brain, or stroke. (R. 22.) According to the ALJ's assessment, this injury initially precluded Plaintiff from work

5

because she had "difficulty walking, handling activities of daily living, and using her left arm for holding and gripping." (R. 23.) Plaintiff generally "struggled since having her stroke" whereby "her entire left side of her body [was] impaired" and on "bad days [she was] basically bedridden." (*Id.*) Mentally, Plaintiff had the severe impairment of depression. (R. 22.)

The ALJ found that prior to August 16, 2022, Plaintiff's moderate limitation in concentration, persistence, and pace resulted in a residual functional capacity to carry out instructions for simple, routine, and repetitive work and never performing assembly line work or work with hourly production quotas. (R. 23.) Plaintiff does not dispute the ALJ's assessment that she was disabled and unable to work after her stroke. Instead, she disagrees that the ALJ supported with substantial evidence her determination that Plaintiff eventually recovered from her stroke and other impairments enough to perform her past work. (Pl. Mot. 7.)

The ALJ found "the record shows that by August 16, 2022 [Plaintiff] had recovered from her stroke." (R. 32.) She observed that Plaintiff was able to perform activities of daily living "independently" (R. 30) and noted "testing [that] actually showed she had improved dynamic balance and bilateral lower extremity strength" (*id.*), a "record [that] shows a lack of consistent complaints, exam deficits, and treatment" (R. 32), among other evidence. The ALJ explained that "despite going to the emergency room several times [for tremors]," Plaintiff's "exams showed no distress, no

6

neurological defects, normal ambulation, and no speech issues" (*id.*) and that "the tremors were considered caused by stress." (*Id.*)

Based on these findings, the ALJ concluded that Plaintiff's disability ended August 16, 2022 and that Plaintiff was not disabled after that date. (R. 36.) With the changes in Plaintiff's condition in mind, the ALJ modified Plaintiff's residual functional capacity. (R. 29.) As of August 16, 2022, Plaintiff's residual functional capacity no longer limited Plaintiff to standing/walking for four hours; being able to understand, remember, and carry out instructions for simple, routine, and repetitive work; and only occasionally (rather than frequently) handling and fingering with the non-dominant left upper extremity. (R. 23, 29.) In other words, Plaintiff's condition no longer required all of the limitations she had been previously assigned. (R. 35.) Accordingly, the ALJ found that Plaintiff was no longer disabled because she could resume her previous work as a receptionist. (*Id.*)

The ALJ included Plaintiff's mental condition among her improved capacity and explained that, overall, "after receiving one year of rehab care from her stroke, [Plaintiff's] speech, balance, and mental health issues medically improved." (R. 29.) The ALJ found that after August 16, 2022, unlike during the closed period, "the record [overall] shows that [Plaintiff's] mental impairments did not result in the degree of functional limitations alleged." (R. 30.) While Plaintiff's mental status exam showed a depressed mood, Plaintiff's "depression was diagnosed as mild" and the rest of the

7

exam results were "completely unremarkable." (R. 32.) She found again that Plaintiff's mental impairments cause mild limitations in all areas except that she had moderate limitations in concentrating, persisting, or maintaining pace. (R. 28-29.)

Plaintiff argues that because "the ALJ never explained her assessment of Plaintiff's mental work-related capacity for the closed period, it is impossible to discern how she arrived at the conclusion, for the period beginning August 16, 2022." (Pl. Mot. 7.) Specifically, Plaintiff notes that "there is no basis for comparing the ALJ's two mental RFC assessments" because the ALJ "arrived at the exact same 'paragraph B' findings for both the closed period and the 'post-closed' period but only 'explained' the latter." (Pl. Mot. 11.)

The Court agrees. The ALJ summarily deleted some of the mental limitations in the residual functional capacity for the period after August 1, 2022 but did not explain why. Notably, while the ALJ found that Plaintiff had moderate limitations in concentration, persistence, and pace both during the closed period and after (R. 23, 28), she only limited Plaintiff to being able to understand, remember, and carry out instructions for simple, routine, and repetitive work during the closed period. (R. 23, 29.) The ALJ provided no explanation for the change to Plaintiff's mental residual functional capacity. The Court is unable to trace the ALJ's reasoning for the change and thus finds no logical bridge from the evidence to the ALJ's conclusion. (*Id.*)

8

In the Seventh Circuit, ALJs are not required to substantiate every point they make but must not omit a logical bridge between the evidence and their conclusion. Ultimately, the ALJ must provide a minimal articulation that allows this Court to follow the ALJs reasoning for meaningful appellate review. *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024); *see also Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003), citing *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002).

Here, the Court lacks the minimal articulation necessary to follow why the ALJ eliminated some of Plaintiff's mental limitations after the end of the closed period. Thus, the Court agrees with Plaintiff that the ALJ did not support Plaintiff's mental residual functional capacity determination with substantial evidence.

## CONCLUSION

For the reasons explained above, the Court grants Plaintiff's motion for summary judgment (Dkt. 16) and denies Defendant's brief in support of his summary judgment motion. (Dkt. 19.)

**SO ORDERED.**

ENTER:

*Laura K. McNally*

**LAURA K. MCNALLY**
**United States Magistrate Judge**

**DATED: June 27, 2025**